## FULLER v. UNITED STATES.

*(District Court, N. D. Iowa, E. D.* November Term, 1891.)

STATUTES—AMENDMENT—WHEN RETROSPECTIVE—DISABLED SOLDIER.

    Rev. St. U. S. §§ 4787, 4788, provide that certain ex-soldiers, sailors, etc., shall be entitled to receive from the war department artificial limbs, or a money commutation therefor, from the time of their application therefor, and "at the expiration of every five years thereafter." Act Cong. March 3, 1891, amended the provision by substituting "three years" for "five years." *Held,* that the amendment was not retrospective, so as to entitle a person who had been receiving commutation money at intervals of five years to back pay equivalent to the same sums at three-year intervals.

At Law. Petition by Henry D. Fuller to recover from the United States commutation money for artificial limbs, under Act Cong. March 3, 1891. Heard on demurrer to the petition. Demurrer sustained.

*R. M. Marvin,* for plaintiff.

*M. D. O'Connell,* Dist. Atty., and *D. C. Cram,* Asst. Dist. Atty., for defendant.

SHIRAS, J. The petition herein filed avers that the plaintiff, during the war of the Rebellion, was in the service of the United States, as a member of Company F, twenty-eighth regiment of Iowa infantry, and that while in the line of his duty he was severely wounded, losing an arm and foot; that, under the provisions of the acts of congress of 1868 and 1870, he became entitled to receive artificial limbs as therein provided, or to commute the same into money payments at the rate of $75 for a leg, and $50 for an arm; that on August 29, 1870, he made his application for the benefit of the act, electing to take the money payments instead of the artificial limbs, and has received five payments of $125, beginning with the date named; that by the act of congress of March 3, 1891, the period of five years named in the original acts has been changed to three years, and that thereby the plaintiff has become entitled to a restatement of his claim for commutations, and is now entitled to demand the sum of $125 for every period of three years, beginning with the date of his application, to-wit, August 29, 1870, instead of for the period of five years. A demurrer is interposed to the petition, whereby is presented the question whether the act of March 3, 1891, is to be construed to be retrospective in its operation, so that parties, situated as is the plaintiff, are entitled to now claim from the United States the sums that would have been payable to them had the original act been the same as the act of March 3, 1891. Under the statutes in force previous to March 3, 1891, the plaintiff was entitled to receive an artificial leg and arm every five years, beginning with the date of his application for the benefit of the statute, or to commute the same into a money payment. When the revision of the statutes was made in 1873, these statutes became sections 4787 and 4788 of the Revision. The act of March 3, 1891, enacts that section 4787 shall be amended by striking out the word "five" and inserting the word "three," so that after that date the

plaintiff would be entitled to artificial limbs, or the money commutation therefor, every three years. The question is whether this amendment is to be given a retroactive effect, so that the plaintiff and others, entitled to the benefit of the act, can now demand the additional number of artificial limbs, or the money commutation therefor, that they would have received had the original act contained the word "three" instead of "five." In construing statutes, the general rule is that "words in a statute ought not to have a retrospective operation, unless they are so clear, strong, or imperative that no other meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise satisfied." *U. S.* v. *Heth*, 3 Cranch, 398; *Murray* v. *Gibson*, 15 How. 421; *Chew Heong* v. *U. S.*, 112 U. S. 559, 5 Sup. Ct. Rep. 255. There is certainly nothing in the language used in the act of March 3, 1891, showing that it was the purpose of congress to make the act retrospective, and the amendatory act can be given full force by allowing it to speak from the date of its enactment. An ingenious argument is made by counsel for plaintiff, based upon the thought that, as the amended statute reads that the parties entitled to the benefit of the act "shall be entitled to receive a new limb or apparatus at the expiration of every period of three years thereafter," and as the word "thereafter" refers to the time when the party makes his application for the benefit of the statute, therefore, under the amended act, the plaintiff can begin the enumeration of the three-year periods with August 29, 1870. · This would be true if the statute is retroactive in its operation, but the use of the word "thereafter" does not affect that question. The purpose of the original and amended statute is that there shall be furnished so often, to those who have lost limbs in the service of the United States, artificial limbs, or the equivalent thereof in money. In the original statute, the words "every five years thereafter" were used, and the meaning thereof was that, when due application has been made under the statute and the regulations made by the surgeon general, then the party became entitled to a limb, or the money commutation therefor, and every five years thereafter he would become entitled to another limb, or the money value thereof, and the word "thereafter" only indicated the time when the period fixed in the statute began to run in his favor. Up to the adoption of the act of March 3, 1891, the plaintiff, therefore, was entitled to a limb, or the commutation therefor, for every period of five years, beginning with the date of his application, to-wit, August 29, 1870. On the 29th of August, 1890, he received the commutation payment then due him, and a new period of five years then began to run. By the amendment of 1891, the length of these periods is reduced from five to three years, and the plaintiff, therefore, will be entitled to new limbs, or the money value thereof, in August, 1893. In the case of *Ely* v. *Holton*, 15 N. Y. 595, the court of appeals had occasion to construe the effect of an amendment made in the same form as that adopted in the present case,—that is, by declaring that, as amended, the section will read as follows, and then setting forth the section in full; and the conclusion is reached that "the provisions of the section which are repeated are to be considered as having been the

law from the time they were first enacted, and the new provisions are to be understood as enacted at the time the amended act took effect;" in other words, the amendment is not to be given a retroactive effect. Believing this to be the proper construction of the statute in question, and that it cannot be held that the amendment was intended to be retrospective, it follows that the demurrer to the petition must be sustained; and it is so ordered.