HAMILTON MURRAY, USE, &c., PLAINTIFF, v. JOHN A. GIBSON.

A statute of Mississippi, passed in 1846, declares that no record of any judgment recovered in a foreign court against a citizen of that State, shall be received as evidence after the expiration of three years from the time of the rendition of such judgment, without the limits of the State.

This statute has no application to judgments rendered before its passage. Hence, where it was pleaded as a defence in a suit brought upon a judgment recovered in Louisiana, in 1844, the plea was bad and a demurrer to it sustained.

THIS case came up from the Circuit Court of the United States for the Southern District of Mississippi, upon a certificate of division in opinion between the judges thereof.

The case is fully stated in the opinion of the court.

It was argued by Mr. *May*, for the plaintiff, who made the following points.

*First.* That the Federal courts will be governed by the State law of limitations in the forum where the suit was instituted, that is, by the law of Mississippi in this case. See Green *v.* Neal, 6 Peters, 291; Harpending *v.* The Dutch Church, 16 Peters, 455; Porterfield *v.* Clark, 2 Howard, 76.

*Second.* That in construing the statutes of limitations of Mississippi, this court will conform to, and adopt the exposition thereof made by the Supreme Court of Mississippi, and in the event of contradictory or inconsistent decisions by that court, the last decision will be preferred and followed, even though it may be opposed to a former decision of this court. Elmendorf *v.* Taylor, 10 Wheat. 152; Bank of Hamilton *v.* Dudley, 2 Peters, 492; United States *v.* Morrison, 4 Peters, 124; Green *v.* Neal, 6 Peters, 291.

*Third.* That the plea is defective under the act of limitations of Mississippi, passed March 5th, 1846. See Hutch. Code, 833.

Because that statute is inapplicable to an action on a judgment rendered, as this was anterior to its passage, and it was so adjudged by the Supreme Court of Mississippi. See Boyd, &c. *v.* Barrenger, &c., 1 Cushman's Mississippi Reports, 269.

*Fourth.* That said plea is equally defective under the 14th sect. act of Mississippi of 1844. See the act in Hutch. Code, 832.

Because the plea does not aver that two years or more had expired from the passage of said last act, before the institution of this suit, as the said act requires, and as the Supreme Court of Mississippi also ruled it should have done, in the same case of Boyd, &c. *v.* Barrenger, 1 Cushman's Reports, 269.

Mr. Justice DANIEL delivered the opinion of the court.

The question adjourned for our consideration on this record, cannot be more clearly or succinctly disclosed than it has been by the certified statement of the pleadings upon which the judges of the Circuit Court were divided in opinion. That statement is in the following words :

### *May Term*, 1851.

" This day came on this cause for trial before Judges Peter V. Daniel and Samuel J. Gholson, presiding.

" The declaration is an action of debt, brought on the 16th May, 1850, and founded on a judgment rendered on the 29th day of November, 1844, in the district court of the parish of Madison, in the ninth judicial district of the State of Louisiana, against the defendant, and in favor of the plaintiff. To this action the defendant pleaded a number of pleas, of which the 7th plea is in the words and figures following : '*A*nd for further plea in this behalf the said defendant says, that the said defendant was, at the time of the commencement of the suit in the District Court of the parish of Madison, in the State of Louisiana, and also at the time of the rendition of the judgment in the plaintiff's declaration mentioned, and ever since has been, and now is, a citizen of the State of Mississippi, residing in the county of Hinds, and that more than three years expired, and were complete and ended, from and after the time of the rendition of such judgment, without the limits of this State, to wit, in the parish of Madison, in the State of Louisiana, before the institution of this suit, and this he is ready to verify ; wherefore, &c.'

" JOHNSON, MAYS, & CLIFFTON, *For defendant*."

" To said plea the plaintiff filed a general demurrer.

"Among other matters to be tried, the question occurred before the court whether the demurrer of the plaintiff to the defendant's plea above copied ought to be sustained. And after argument by counsel, the opinions of the two judges aforesaid are opposed and disagree upon the question aforesaid ; one of said judges being of opinion that said plea is a good and sufficient bar to the plaintiff's action, and that said demurrer should be overruled ; and the other of said judges being of opinion that said plea is not a good or sufficient bar to the plaintiff's action, and that said demurrer should be sustained.

"And thereupon, at the request of the counsel for both parties to said suit, the point aforesaid upon which said disagreement happens is hereby stated under the direction of the judges aforesaid, and is by them, upon the request of said counsel, signed

and sealed, and ordered to be enrolled, and made part of the record in said cause.

"And the court orders and directs that said point be duly certified, under the seal of said court, to the Supreme Court of the United States of America, at the next session of said Supreme Court hereafter to be held.

P. V. DANIEL,    [SEAL]
S. J. GHOLSON.   [SEAL.]"

Upon an examination of the defendant's seventh plea and of the law to which it has reference, it is obvious that the purpose of the defendant was to interpose, as a bar to a recovery upon the judgment rendered by the court in Louisiana, the provision of the statute of Mississippi, enacted on the 5th of March, 1846, and to be found in Hutchinson's Digest of the statutes of that State of 1848, Art. 8, p. 833. The language of the provision is as follows: "No record of any judgment, recovered in any court of record without the limits of this State, against any person who was, at the time of the commencement of the suit on which the judgment is founded, or at the time of the rendition of such judgment, a citizen of this State, shall be received in any court of this State as evidence to charge such citizen with liability, after the expiration of three years from the time of the rendition of such judgment without the limits of this State."

As a general rule for the interpretation of statutes, it may be laid down, that they never should be allowed a retroactive operation where this is not required by express command or by necessary and unavoidable implication. Without such command or implication they speak and operate upon the future only. Especially should this rule of interpretation prevail, where the effect and operation of a law are designed, apart from the intrinsic merits of the rights of parties, to restrict the assertion of those rights. The peculiar language of the provision of the Mississippi statute, if taken in its literal acceptation, would not only evince the force and propriety of the rule above mentioned, but might suggest a serious doubt as to the compatibility of that provision with the principles of common right, or with the mandate of the Federal Constitution; for by the literal terms of that statute, the rights of the citizen of a different State seem to be made dependent, not upon his diligence in the institution or prosecution of his suit, but upon an event over which he can have no control, viz. the trial of the action brought upon the previous judgment. From these difficulties, which would seem to flow from the letter of the statute, the Court of Errors and Appeals for the State of Mississippi have relieved that law by the interpretation they have placed upon it.

Thus, in the case of Boyd *v.* Barringer, reported in the 23d volume of Mississippi Reports, by Cushman, page 270, they have declared that the statute of the 5th of March, 1846, has no application to judgments rendered before its passage; and in the 24th volume of Mississippi Reports, page 377, in the case of Garrett *v.* Beaumont, they have affirmed the same position. In a decision, pronounced on the 2d Monday of December, 1853, in Moore *v.* Lobbin, a manuscript copy of which has been certified and submitted by consent of counsel, the same court have expounded that provision of the statute of 1846 which declares "that no record of any judgment recovered in any court of record without the limits of the State, against any person who, at the commencement of the suit on which the judgment was recovered, or at the time of the rendition of said judgment, was a citizen of the State of Mississippi, should be received in any court of that State as evidence to charge such citizen with liability after the expiration of three years from the time of the rendition of such judgment without the limits of the State."

In expounding this provision the court say, "the phraseology of this statute renders it not free from difficulty of construction. It is an amendment of the general statute of limitations, and the legislature must have had in view that general principle governing all statutes limiting actions, that the periods prescribed have reference to the commencement of the action. We cannot suppose that the legislature intended to do more than to debar a party of any right to maintain an action commenced on such judgment after the lapse of the time mentioned, or that any reference was had to the time of trial of a suit which might be commenced long before the expiration of the time limited. Such a construction would involve the most unjust and unreasonable consequences." The court, after more extended views of the subject, arrives at the following conclusion: " We are therefore led to sanction such a construction of the statute as is most consistent with reason and justice, and not in conflict with the Constitution of the United States; and we are accordingly of opinion that this is a statute of limitations, affecting the commencement of the suit; and that if an action on such judgment be instituted before the expiration of three years from the date of its rendition, a transcript of the record of it is admissible in evidence on the trial, though more than three years have elapsed at the time it is offered in evidence."

Such is the construction placed by the highest court of Mississippi upon the statute of 1846, which the seventh plea of the defendant sought to interpose as a bar to the action against him.

According to that construction, the statute of 1846 could operate no such bar, because the judgment in Louisiana, on which

the action was founded, was recovered on the 29th of November, 1844, more than a year previously to the passing of the statute in question; and, by the same interpretation, the right of the plaintiff to count upon and to adduce in evidence, in support of his action, the record of that judgment, was in nowise affected by the period of the trial, but that the law had reference exclusively to the interval of time between the first judgment and the institution of the action founded thereon.

It is the practice of this court to adopt the interpretation given by the highest tribunals of the several States to their respective acts of legislation where such interpretation does not conflict with the paramount authority of the Constitution, or laws of the United States binding upon their own courts, or with the fundamental principles of justice and common right. Perceiving in the case before us no conflict whatsoever between such authority and the decisions of the Supreme Court of Mississippi herein referred to, but, on the contrary, an entire coincidence between them, we approve and adopt those decisions, and, in conformity therewith, we order it to be certified to the Circuit Court that the 7th plea of the defendant pleaded in this case is not sufficient to bar the action of the plaintiff, and that the demurrer of the plaintiff to that plea ought to be sustained.

## *Order.*

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Southern District of Mississippi, and on the question or point on which the judges of the said Circuit Court were opposed in opinion, and which was certified to this court for its opinion, agreeably to the acts of Congress in such case made and provided, and was argued by counsel. On consideration whereof, it is the opinion of this court, that the plea pleaded by the defendant is not a good or sufficient bar to the plaintiff's action, and that the demurrer of the plaintiffs should be sustained. Whereupon it is now here ordered and adjudged by this court, that it be so certified to the said Circuit Court.