UNITED STATES FIDELITY AND GUARANTY COM-
PANY *v.* UNITED STATES FOR THE USE AND BENE-
FIT OF STRUTHERS WELLS COMPANY.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND
CIRCUIT.

No. 154.  Argued March 5, 1908.—Decided April 6, 1908.

There is always a strong presumption that a statute was not meant to act
    retrospectively, and it should never receive such a construction if sus-
    ceptible of any other, nor unless the words are so clear, strong and impera-
    tive as to have no other meaning.
The act of February 24, 1905, c. 778, 33 Stat. 811, amending the act of Au-
    gust 13, 1894, c. 280, 28 Stat. 278, is prospective and does not relate to
    or affect actions based on rights of material-men which had accrued prior
    to its passage, and such actions are properly brought under the act of 1894.
The absolute taking away of a present right to sue and suspending it until
    after certain events have happened, and the giving of preferences between
    creditors, are not mere matters of procedure but affect substantial rights,
    and as the act of February 24, 1905, consists of but a single section and
    deals with such subjects and only incidentally applies to procedure, the
    entire statute must be construed under the general rule that it is not retro-
    spective in any respect.
151 Fed. Rep. 534, affirmed.

THIS is a writ of error to the Circuit Court of Appeals for the
Second Circuit, which brings up for review the judgment of
that court affirming that of the Circuit Court of the Eastern
District of New York in favor of the defendant in error (plain-

tiff below) against the plaintiff in error for the sum of $2,054.23. The action was brought in the Circuit Court above mentioned, in the name of the United States for the use and benefit of Struthers Wells Company against the plaintiff in error, and against the individual defendant Flaherty, as well as one Lande, upon a bond dated December 10, 1903, executed by Flaherty as principal, and the above-mentioned plaintiff in error as surety, by which they were held bound in the sum of $40,000, to be paid the United States as liquidated damages, the condition of the obligation being that if Flaherty, his successors, heirs, etc., should well and truly execute the contract annexed to the bond, which he had entered into with Colonel W. A. Jones, U. S. A., Engineer, of the Fifth Lighthouse District, for and in behalf of the United States, by which Flaherty covenanted and agreed to completely construct and deliver the metal work for the Baltimore lighthouse, Maryland, according to all the conditions of the said contract, and should promptly make payments to all persons supplying said Flaherty labor and materials in the prosecution of the work provided for in such contract, then the obligation was to be void; otherwise to remain in full force and virtue.

It was averred in the complaint that the action was brought in the name of the United States by Struthers Wells Company, for its use and benefit, against the plaintiff in error and Flaherty (and also one Lande, who had been joined with Flaherty in the contract), pursuant to the act of Congress of August 13, 1894. See 28 Stat. 278. The section is set forth in the margin.[1]

---

[1] 28 Stat. Chapter 280, p. 278:

"*Be it enacted*, etc., That hereafter any person or persons entering into a formal contract with the United States for the construction of any public building, or the prosecution and completion of any public work, or for repairs upon any public building or public work, shall be required before commencing such work to execute the usual penal bond, with good and sufficient sureties, with the additional obligations that such contractor or contractors shall promptly make payments to all persons supplying him or them labor and materials in the prosecution of the work provided for in such contract; and any person or persons making application therefor, and furnishing affidavit to the Department under the direction of which said work is being,

The Struthers Wells Company, under an agreement with the defendants Flaherty and Lande, and in or about the month of March, 1904, supplied to them certain materials described in the complaint, for use by them in the prosecution of the work, which they had contracted with the United States to do in constructing the metal work for the Baltimore lighthouse, as mentioned in the bond. The material furnished by the company was of the value of $1,890.25. The company duly performed all the conditions of its contract with the defendants, which it had agreed to perform, and made delivery as provided for in its agreement, and by reason of the premises there became due and payable to the company from the defendants, including the plaintiff in error, the sum of $1,890.25, with interest from June 7, 1904, no part of which has been paid. Judgment was demanded for that sum, with interest, as stated.

The action was commenced on the twelfth of April, 1905. The plaintiff in error demurred to the complaint on the ground, first, that the court had no jurisdiction of the person of the defendant, the United States Fidelity and Guaranty Company; second, that the court had not jurisdiction of the subject of the action; and, third, that the complaint does not state facts sufficient to constitute a cause of action against the defendant, the United States Fidelity and Guaranty Company. This demurrer was overruled, with leave to the defendant to answer, which the defendant refused to do, and thereupon judgment was entered for the plaintiff against it, which was affirmed by the Circuit Court of Appeals.

---

or has been, prosecuted, that labor or materials for the prosecution of such work has been supplied by him or them, and payment for which has not been made, shall be furnished with a certified copy of said contract and bond, upon which said person or persons supplying such labor and materials shall have a right of action, and shall be authorized to bring suit in the name of the United States for his or their use and benefit against said contractor and sureties, and to prosecute the same to final judgment and execution: *Provided*, That such action and its prosecution shall involve the United States in no expense."

*Mr. Leonidas Dennis* for plaintiff in error:

The question of jurisdiction depends upon the law as it was when the jurisdiction of the Circuit Court was invoked. Though plaintiff's cause of action arose before the passage of chapter 778, this action was not started until after the enactment of this law and the provisions therein contained regulating the enforcement of such cause of action apply to this action as they do not affect the cause of action itself, but only the method of enforcing the same. *Larkins* v. *Saffarans,* 15 Fed. Rep. 147; 26 Am. & Eng. Enc. of Law, 695; Endlich on Interpretation of Statutes, § 287; *United States Fidelity & Guaranty Co.* v. *Kenyon,* 204 U. S. 359.

The court has no jurisdiction over the subject of this action.

The Circuit Courts of the United States are of statutory and not constitutional creation and jurisdiction. Whatever jurisdiction they might have had over such an action prior to February 24, 1905, that jurisdiction was repealed by the passage of the act of that date. The only court which has jurisdiction over a cause of action upon a bond like that involved in this cause is the Circuit Court in the district in which the contract was to be performed and executed. The prohibition against other courts exercising jurisdiction, is equivalent to a repeal. *Insurance Company* v. *Ritchie,* 5 Wall. 541, 544.

When a law conferring jurisdiction is repealed without any reservation as to pending cases, all such cases fall within the law. *Railroad Co.* v. *Grant,* 98 U. S. 398; *Assessors* v. *Osborne,* 9 Wall. 567; *Sherman* v. *Grinnell,* 123 U. S. 679; *Gurnee* v. *Patrick County,* 137 U. S. 141; *McNulty* v. *Batty,* 10 How. 71; *Insurance Co.* v. *Ritchie,* 5 Wall. 541; *Ex parte McCardle,* 7 Wall. 506, 514; *National Exchange Bank* v. *Peters,* 144 U. S. 570; *Fairchild* v. *United States,* 91 Fed. Rep. 297.

The only vested right conferred on defendant in error by the statute of 1894, is the right to a *pro rata* share in the amount of the bond after the contract has been completed, and the statute of 1905 does not take away this right. *Larkins* v.

*Saffarans,* 15 Fed. Rep. 147; *American Surety Co.* v. *Lawrenceville Cement Co.,* 96 Fed. Rep. 25.

The legislature may change, as well as create, a limitation, provided adequate means of enforcing the right remain, and the material-man here has no vested interest in the form of the action to be commenced, or the mode or remedy to be applied.

Statutes prescribing a new or different limitation take effect immediately. *Sohn* v. *Waterson,* 17 Wall. 596; *Terry* v. *Anderson,* 95 U. S. 628; *Wilson* v. *Kreminger,* 185 U. S. 63.

The complaint does not state that the contract, for the performance of which the bond was given, has been fully completed, and that six months had expired since such completion and before the commencement of this action without the United States starting suit on said bond, all of which elements are conditions precedent to maintaining the suit.

Although the material-man under the statute of February 24, 1905, has not an unconditional right of action, but must wait until after the completion of the contract, this provision is not a material change in the right of the material-man as, under the former statute, their right to a *pro rata* share could only be determined after the contract had been completed. *Lawrenceville Cement Co.* v. *American Surety Co., supra.*

*Mr. Herbert A. Heyn* for defendant in error:

The act of 1905, was not intended by Congress to apply to or have effect upon causes of action which had accrued before its passage. Plaintiff's cause of action is therefore exclusively governed by the material-men's act of 1894, under which the bond in suit was given and under which all rights against the surety became fully vested long prior to the enactment of the new statute.

A statute shall never be given retrospective effect unless the legislature in most unambiguous and unmistakable language has directed that such should be its operation. Laws are to operate prospectively. *Jackson* v. *Van Zandt,* 12 Johns. R.

168; Sutherland, Statutory Construction, 1158, 1161; Wade, Retroactive Law, § 34; *United States* v. *American Sugar Co.,* 202 U. S. 563, 577; *United States* v. *Heth,* 3 Cranch, 413.

While the general principles above considered have not always been applied with the same strictness to statutes relating to procedure and practice, even in respect to such statutes the intention of the legislature is just as important and binding upon the courts as in reference to any others. Wade on Retroactive Law, §§ 38, 39.

See also to the same effect: *Pierce* v. *Cabot,* 159 Massachusetts, 202; *Shallow* v. *Salem,* 136 Massachusetts, 136; *Eddy* v. *Morgan,* 216 Illinois, 437; *Auditor Gen.* v. *Chandler,* 108 Michigan, 569; *Bedier* v. *Fuller,* 116 Michigan, 126.

There is nothing in the act itself that indicates the intention that the provisions in reference to practice and remedy were intended by Congress to operate retrospectively.

MR. JUSTICE PECKHAM, after making the foregoing statement, delivered the opinion of the court.

The demurrer put in by the plaintiff in error is founded upon an amendment of the above mentioned act, which, it is contended, applies to the case before us. The amendment is set forth in the margin.[1]

---

[1] Chapter 778, 33 Stat., p. 811:

"*Be it enacted,* etc., That the act entitled 'An Act for the protection of persons furnishing materials and labor for the construction of public works,' approved August thirteenth, eighteen hundred and ninety-four, is hereby amended so as to read as follows:

" " 'That hereafter any person or persons entering into a formal contract with the United States for the construction of any public building, or the prosecution and completion of any public work, or for repairs upon any public building, or public work, shall be required, before commencing such work, to execute the usual penal bond, with good and sufficient sureties, with the additional obligation that such contractor or contractors shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract; and any person, company or corporation who has furnished labor or materials used in the construction or repair of any public building or public work,

The record shows that the contract between Flaherty and the United States was entered into December 10, 1903, and the material was furnished to Flaherty by the Struthers Wells Company in March, 1904. It thus appears that the bond was executed under the provisions of the original act of Congress, and the materials were furnished Flaherty while that act was in force and before its amendment. The legal rights of the Struthers Wells Company had become vested before the enactment of the amendment. It is contended on the part of the plaintiff in error that the passage of the amendment (February 24, 1905) made it necessary for the defendant in error to follow its provisions when it commenced this action on the twelfth of April, 1905. It is argued that the amendment prescribes the procedure to be followed by material-men in enforcing claims against a surety on a bond of the nature of the one in suit; that, as amended, the law prohibited a material-man from commencing any action in any district other than that in which the contract was to be performed (in this case

_____

and payment for which has not been made, shall have the right to intervene and be made a party to any action instituted by the United States on the bond of the contractor, and to have their rights and claims adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the claim and judgment of the United States. If the full amount of the liability of the surety on said bond is insufficient to pay the full amount of said claims and demands, then, after paying the full amount due to the United States, the remainder shall be distributed *pro rata* among said intervenors. If no suit should be brought by the United States within six months from the completion and final settlement of said contract, then the person or persons supplying the contractor with labor and materials . . . shall, upon application therefor, and furnishing affidavit to the Department under the direction of which said work has been prosecuted, that labor or materials for the prosecution of such work has been supplied by him or them, and payment for which has not been made, be furnished with a certified copy of said contract and bond, upon which he or they shall have a right of action, and shall be and are hereby authorized to bring suit in the name of the United States in the Circuit Court of the United States in the district in which said contract was to be performed and executed, irrespective of the amount in controversy in such suit, and not elsewhere, for his or their use and benefit, against said contractor and his sureties, and to prosecute the same to final judgment and execution: *Provided*, That where suit is instituted by any of

the Maryland District of the Fourth Circuit), and also not until after the complete performance of the contract, for the per-formance of which the bond was given, and until the expiration of six months after such completion, during which time the United States alone has the right to commence an action. The plaintiff in error insists that, although the cause of action herein arose before the passage of the amendment, the action itself not having been commenced until after that time, all the provisions of the amendment regulating the enforcement of such cause of action apply to the action before us, as they do not affect the cause of action itself, but only the method of enforcing the same. In other words, it is contended that the amendment is to have retroactive effect in all matters relative to procedure, and that, as so construed, this action was improperly brought in the Circuit Court of the United States for the Eastern District of New York, and that it was prematurely brought because it does not appear that at the time of the commencement of this action the contract had

such creditors on the bond of the contractor it shall not be commenced until after the complete performance of said contract and final settlement thereof; and shall be commenced within one year after the performance and final settlement of said contract and not later: *And provided further*, That where suit is so instituted by a creditor or by creditors, only one action shall be brought, and any creditor may file his claim in such action and be made party thereto within one year from the completion of the work under said contract, and not later. If the recovery on the bond should be inadequate to pay the amounts found due to all of said creditors, judgment shall be given to each creditor *pro rata* of the amount of the recovery. The surety on said bond may pay into court, for distribution among said claimants and creditors, the full amount of the sureties' liability, to wit, the penalty named in the bond, less any amount said surety may have had to pay, to the United States by reason of the execution of said bond, and upon so doing the surety will be relieved from further liability: *Provided further*, That in all suits instituted under the provisions of this act such personal notice of the pendency of such suits, informing them of their right to intervene as the court may order, shall be given to all known creditors, and in addition thereto notice of publication in some newspaper of general circulation, published in the State or town where the contract is being performed, for at least three successive weeks, the last publication to be at least three months before the time limited therefor.' "

been completed or that six months had expired since its completion, or that the United States had not itself sued on the bond.

The act which is amended consists of but one material section, the second section providing only for the comparatively unimportant matter of security for costs. The act amending the section also consists of but one section. The question is whether the amended act applies to this case.

There are certain principles which have been adhered to with great strictness by the courts in relation to the construction of statutes as to whether they are or are not retroactive in their effect. The presumption is very strong that a statute was not meant to act retrospectively, and it ought never to receive such a construction if it is susceptible of any other. It ought not to receive such a construction unless the words used are so clear, strong and imperative that no other meaning can be annexed to them or unless the intention of the legislature cannot be otherwise satisfied. *Dash* v. *Van Kleeck*, 7 Johns. 499; *Jackson* v. *Van Zandt*, 12 Johns. 168; *United States* v. *Heth*, 3 Cranch, 399, 414; *Southwestern Coal Co.* v. *McBride*, 185 U. S. 499, 503; *United States* v. *American Sugar Co.*, 202 U. S. 563, 577.

The language of the amended act is prospective, as it provides "that hereafter any person or persons entering into a formal contract with the United States," etc. That language standing alone would leave little doubt as to the intention of Congress in the matter of the taking effect of the amendment.

It is urged, however, that as the amendment in this respect but reiterates the language of the original act, the use of the word "hereafter" in the commencement of the amendment ought not to have the significance which would otherwise attach to it, because it is simply in this particular reënacting the law as it already stood.

There is considerable force in the suggestion that the word "hereafter" is not to receive the weight which in other circumstances it ought to have. The question is, however, one

as to the intention of Congress, and when we come to look at the provisions of the statute, as amended, we are convinced that Congress did not intend that the amendment should apply to cases where the bond had already been executed, the work done, the respective rights of the parties' settled, and the cause of action already in existence. If Congress had intended otherwise, we think it would have still further amended the original act by providing in plain language that the amendment should apply to all cases, and not be confined to the future.

The plaintiff in error contends that where an amendment to an act relates only to procedure, it takes effect upon causes of action existing when the amendment was passed, and hence that part of the amendment in question applies and prevents the taking of jurisdiction by the Circuit Court for the Eastern District of New York. It is admitted by the plaintiff in error that the act is not confined to procedure but deals with substantive rights in some instances, one of which is the provision granting a preference to the United States over all other creditors. In such case counsel admits that the provision must be construed and held to apply to bonds executed subsequent to the enactment of the statute, and to such bonds alone. Under the statute of 1894 no such preference could be obtained. *American Surety Co. of New York* v. *Lawrenceville Cement Co.*, 96 Fed. Rep. 25; *United States* v. *Heaton*, 128 Fed. Rep. 414.

It would follow necessarily that if the full amount of the liability of the surety on the bond were insufficient to pay all the claims and demands, the provision that, after paying the full amount due the United States, the remainder only should be distributed *pro rata* among the intervenors, would also be a substantive amendment and not one of procedure. Hence counsel admits that the full amount which may be due the United States depends upon whether the bond was executed prior or subsequent to the amendment of the statute; that if the bond were executed prior thereto, the Government is only en-

titled to its *pro rata* share, while if executed subsequently the full amount of its claim, regardless of the claims of the other creditors, would be the amount due. In other words, these provisions, contained in the single section of the act, are to be considered as prospective only and as applicable to bonds executed subsequently to the passage of the amendment.

There is another most important amendment, by which the material-man's right to sue is suspended until after the completion of the work and final settlement and for six months thereafter, during which the United States can alone sue upon the bond. Instead of a right to sue at once upon the non-payment of his claim, he is precluded from doing so, perhaps for years.

Although the time in which to commence action may be shortened and made applicable to causes of action already accrued, provided a reasonable time is left in which such actions may be commenced (*Terry* v. *Anderson*, 95 U. S. 628; *Wilson* v. *Iseminger*, 185 U. S. 55), yet that is a different principle from taking away absolutely a present right to sue until a period of time, measured possibly by years, shall have elapsed.

These various provisions are all contained in the same section of the statute, and there is not much of it left to be made retrospective, as matter of procedure, after these other provisions have been held to be prospective only. If the limitation as to the district in which the suit upon the bond could be brought were to be regarded as simply matter of procedure (which we do not assert), we still think it is not to be construed as applying retrospectively. As it is only a question of intention we are not prepared to hold that the section is prospective in its operation in regard to all its other provisions, but retrospective in the one instance, as to the district in which the suit is to be commenced. Even matters of procedure are not necessarily retrospective in their operation in a statute, and we see no reason for holding that this statute, of but one section, should be split up in its construction, and one por-

tion of it made applicable to cases already existing and other portions applicable only to the future. We are convinced Congress did not intend such separation. Viewing the whole section, we think Congress meant that only in future cases should the provisions of the amendment apply, although some trifling portion of those provisions might be regarded, technically, as in the nature of procedure. It is therefore wiser to hold the entire section governed by the usual rule and as applying only to the future.

The judgment of the Circuit Court of Appeals was right, and is

*Affirmed.*