**ROSS v. LEE, Comptroller of the State of Florida et al.**

No. 838.

District Court, S. D. Florida, Jacksonville Division.

Aug. 14, 1936.

J. Turner Butler, of Jacksonville, Fla., for plaintiff.

Russell L. Frink, of Jacksonville, Fla., and H. E. Carter, Asst. Atty. Gen., for defendants.

STRUM, District Judge.

First National Bank of Jasper, Fla., which for several years had been designated a county school fund depository for Hamilton county, Fla., was, on December 2, 1929, again designated as such depository for the year 1930. The bank undertook to qualify as such depository by complying with chapter 6932, Laws of Florida, Acts of 1915, as amended by chapter 8527, Acts of 1921 (section 2403 et seq., C.G.L. Fla.1927), and on December 2, 1929, entered into a depository agreement with said school board under which the bank pledged

certain bonds owned by it as collateral security for deposits of school funds. The pledged bonds were deposited with the defendant Lee, comptroller of the state of Florida, as escrow agent.

Deposits of school funds were made in said bank from time to time. On April 24, 1930, the bank closed, and was thereafter taken over by the Comptroller of the Currency as insolvent, and plaintiff appointed receiver. When the bank closed, it had on hand a credit balance of school funds in favor of the board of public instruction of Hamilton county, the deposits having been commingled with other funds of the bank.

Asserting that the pledge of the bank's bonds was illegal, the receiver instituted this suit to compel the state comptroller to restore the pledged bonds to plaintiff, and praying that the school board be decreed to be an unsecured creditor.

Defendants contend that, since the bank had complied with the requirements of the above-mentioned Florida statutes then in force, prescribing the requirements for county depositories, and purporting to extend to both state and national banks, and since the deposit agreement and pledge was in accordance with the authority and requirements of the Florida statute, the pledge aforesaid is valid and enforceable. If not, and the bank was without power to make the pledge, defendants then contend that the deposits were unlawfully received, and the bank became a trustee ex maleficio.

The first question is solved by the principles enunciated in Texas & Pacific Ry. Co. v. Pottorff, 291 U.S. 245, 54 S.Ct. 416, 78 L.Ed. 777; Marion v. Sneeden, 291 U. S. 262, 54 S.Ct. 421, 78 L.Ed. 787; Lewis v. Fidelity & Deposit Co., 292 U.S. 559, 54 S.Ct. 848, 78 L.Ed. 1425, 92 A.L.R. 794; Mays v. Wilkinson (D.C.) 12 F.Supp. 350; and by a construction of the Act of Congress of June 25, 1930 (12 U.S.C.A. § 90), amending Rev.St. § 5153, which was section 45 of the National Banking Act of June 3, 1864, authorizing national banks to give security for public deposits of the same kind as authorized by state law for state banks.

■ The deposits here in question were made, the attempted contract of pledge was executed, the security in question was given, and the bank closed prior to June 25, 1930, the effective date of the amendatory act last referred to. It is elemental that the rights of creditors of insolvent national banks become fixed as of the date of closing.

In Lewis v. Fidelity & Deposit Co., supra, the Supreme Court held that the amendment of June 25, 1930, was not declaratory of an existing power. It created a new power which did not theretofore exist. In the Lewis Case it was also held that the amendment vitalized a pre-existing contract with respect to deposits made after the adoption of the amendment, but reserved the question, here presented, whether enactment of the amendment ratified existing pledges to secure deposits made prior to the amendment.

■ National banks may exercise only such powers as are created or authorized by the laws of the United States. The Supreme Court is emphatic in the view that the power to pledge assets to secure deposits did not exist in national banks prior to the amendatory act of June 25, 1930. Retroactive legislation is not favored. A statute will be given retroactive effect only when congressional intent to that end clearly appears and the language used imperatively requires it. Cameron v. U. S., 231 U.S. 710, 34 S.Ct. 244, 58 L.Ed. 448; U. S. v. Union Pac. R. Co., 98 U.S. 569, 25 L. Ed. 143; White v. U. S., 191 U.S. 545, 24 S.Ct. 171, 48 L.Ed. 295; U. S. Fid. & G. Co. v. U. S., 209 U.S. 306, 28 S.Ct. 537, 58 L.Ed. 804. This court can find in the amendment no evidence of a congressional intent to make the same retroactive, so as to vitalize pre-existing pledges to secure public deposits made prior to June 25, 1930, where, as here, the bank closed and the rights of the parties thereby determined and fixed before the power to pledge was created.

■ This bank having closed April 24, 1930, the court holds that the Act of June 25, 1930, is ineffectual to retroactively validate prior ultra vires acts of the bank in attempting to secure the public deposits in question made prior to the amendment, even though there was at all times in effect a Florida state statute authorizing state banks to so secure public deposits, and purporting also to extend to national banks. This state statute alone did not confer the requisite power on a national bank. Congressional authority was necessary, and lacking.

974

The subsequent acts of the receiver are likewise ineffectual to vitalize the pledge by ratification, or to create an estoppel against the general creditors of the bank, even if any rights could arise on an ultra vires contract by reason of performance. Even though a bank by its acts might estop itself from asserting a lack of power in these circumstances, a receiver appointed upon its insolvency is free to challenge the validity of the pledge. Texas & Pacific Ry. Co. v. Pottorff, 291 U.S. 245, 54 S. Ct. 416, 78 L.Ed. 777.

The deposits in question do not constitute a trust ex maleficio, because it is not shown that, when the deposits were accepted, the bank was hopelessly insolvent within the knowledge of its officers so as to constitute fraud, nor that the deposits were accepted in violation of some law prohibiting them, nor that the bank otherwise failed to become the mere debtor of the board of public instruction. No trust arises, nor is any preference shown, merely upon the ground that the deposits were public funds.

Decree for plaintiff.