EDWARD B., et al.

v.

Robert L. BRUNELLE,
Commissioner, et al.

No. C86–6–L.

United States District Court,
D. New Hampshire.

Oct. 17, 1986.

Office of the Atty. Gen., Concord, N.H., for defendant State of N.H.

Ronald K. Lospennato, Concord, N.H., for plaintiff.

## ORDER ON MOTION TO REINSTATE CLAIMS

LOUGHLIN, District Judge.

Plaintiff-intervenors James O., Kelly E. and William B. request this court to reinstate their claims brought pursuant to 42 U.S.C. § 1983 for violations of due process and equal protection.

The three named plaintiff-intervenors serve as class representatives in this action under Fed.R.Civ.P. 23 and this court's order, *Edward B. v. Brunelle,* —— F.Supp. ——, No. C–86–6–L, slip op. at 25 (June 5, 1986). The basis of the claim is that handicapped children who are placed in residential facilities pursuant to juvenile court proceedings are being deprived of a free appropriate public education as required under the Education for All Handicapped Children Act (20 U.S.C. § 1400 et seq.) (EAHCA).

By previous order, in reliance on *Smith v. Robinson,* 468 U.S. 992, 104 S.Ct. 3457, 3470–74, 82 L.Ed.2d 746 (1984), this court found that the EAHCA was the exclusive avenue through which a handicapped child could assert his or her right to a free appropriate public education, therefore plaintiffs' claims under 42 U.S.C. § 1983 and the due process and equal protection clause of the fourteenth amendment were precluded. *Edward B. v. Brunelle,* No. C–86–6–L, slip op. at 13.

In their motion to reinstate their claims, plaintiffs rely on the Handicapped Children's Protection Act of 1986, Pub.L. No. 99–372, 100 Stat. 796, effective August 5, 1986. Section 3 of the Act, amending 20 U.S.C. § 1415, provides as follows:

> Nothing in this title shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, title V of the Rehabilitation Act of 1973, or other Federal statutes protecting the rights of handicapped children and youth, except that before the filing of a civil action under such laws, seeking relief that is also available under this part, the procedures under the subsections (b)(2) and (c) shall be exhausted to the same extent as would be required had the action been brought under this part.

It appears the legislature's intent is to now provide that the EAHCA is not an exclusive remedy, overruling *Smith.*

Plaintiff asserts that the legislature further intended Section 3 of the Act to apply retrospectively.

In *United States v. Security Industrial Bank*, 459 U.S. 70, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982), the Court stated the familiar axiom that statutes operate prospectively, unless expressly given retroactive application by the legislature. *Id.* at 79, 103 S.Ct. at 412.

> [T]he first rule of construction is that legislation must be considered as addressed to the future, not to the past.... The rule has been expressed in varying degrees of strength but always of one import, that a retrospective operation will not be given to a statute which interferes with antecedent rights ... unless such be 'the unequivocal and inflexible import of the terms, and the manifest intention of the legislature.' *Union Pacific R. Co. v. Laramie Stock Yards Co.*, 231 U.S. 190, 199 [34 S.Ct. 101, 102, 58 L.Ed. 179] (1913) (citations omitted).

*See,* e.g., *United States Fidelity & Guaranty Co. v. United States ex rel. Struthers Wells Co.*, 209 U.S. 306, 324 [28 S.Ct. 537, 543, 52 L.Ed. 804] (1908). ("The presumption is very strong that a statute was not meant to act retrospectively, and it ought never to receive such a construction if it is susceptible of any other"); *United States v. Schooner Peggy*, 1 Cranch 103, 110 [2 L.Ed. 49] (1801). *U.S. v. Security Industrial Bank*, 459 U.S. at 79–80, 103 S.Ct. at 412–413.

As evidence of such manifest legislative intent in favor of retroactive application of Section 3 plaintiffs proffer Section 5 of Pub.L. No. 99–372. Section 5 expressly provides for the retroactive application of Section 2:

> The amendment made by section 2 shall apply with respect to actions or proceedings brought under section 615(e) of the Education of the Handicapped Act after July 3, 1984, and actions or proceedings brought prior to July 4, 1984 under such section which were pending on July 4, 1984.

Section 2 pertains to the rights of the parents or guardians of a handicapped child, who prevail in an action or proceeding under the EAHCA, to recover reasonable attorneys fees and related costs. The House version, but not the Senate bill, contained a provision similar to Section 5 applicable to Section 3, the provision regarding the effect of the EAHCA on other law; that provision was deleted from the final version of the amendments. 132 Congressional Record (Daily Edition, July 16, 1986) H 4529, reprinted at U.S.Code Cong. & Admin.News 1810 (September 1986).

Thus, Section 3 of the Handicapped Children's Protection Act of 1986, Pub.L. No. 99–372, will not be applied retrospectively. Plaintiffs' motion to reinstate claims (Doc. # 55) is denied.