Richard THOMPSON, Plaintiff,

v.

JOHNSON & JOHNSON MANAGE-
MENT INFORMATION CEN-
TER, Defendant.

Civ. No. 86–319.

United States District Court,
D. New Jersey.

Feb. 18, 1992.

As Amended Feb. 21, 1992.

Arthur N. Martin, Jr., by Michelle Marquez, Newark, N.J., for plaintiff.

Jones, Day, Reavis & Pogue by James E. Farrell, Jr., New York City, for defendant.

OPINION

CLARKSON S. FISHER, District Judge.

This case involves the hotly debated question of whether the Civil Rights Act of 1991, Pub.L. No. 102–166, 105 Stat. 1071 (1991) ("1991 Act"), applies to cases that were pending at the time of its enactment. For the reasons set forth below, this court holds that the Act does not. As a result, plaintiff's motion to reinstate a claim pursuant to 42 U.S.C. § 1981 is denied.

Plaintiff commenced this action on January 21, 1986, alleging that defendant wrongfully terminated his employment in violation of his civil and employment rights under both federal and state statutes. On November 20, 1989, this court granted defendant's motion to dismiss plaintiff's claim pursuant to 42 U.S.C. § 1981. 725 F.Supp. 826. In so doing, this court applied retroactively the rule articulated in *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), that section 1981 "covers only conduct at the initial formation of the contract and conduct which impairs the right to enforce

contract obligations through legal proceedings," *id.* at 179–80, 109 S.Ct. at 2374, not "conduct by the employer after the contract relation has been established, including breach of the terms of the contract or imposition of discriminatory working conditions." *Id.* at 177, 109 S.Ct. at 2373.

On November 21, 1991, President Bush signed the 1991 Act, which amended Title VII of the Civil Rights Act of 1964 and section 1981 of the Civil Rights Act of 1866, and included a provision prohibiting discrimination in the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 1991 Act at § 101(b). The 1991 Act expressly "respond[s] to recent decisions of the Supreme Court by expanding the scope of relevant civil rights statutes in order to provide adequate protection to victims of discrimination." *Id.* at § 3(4). A clear conflict has arisen in the district courts over whether the amendment applies retroactively.[1]

*Language of the 1991 Act*

■ This court's analysis "'must begin with the language of the statute itself,'" *Bread Political Action Comm. v. Federal Election Comm'n*, 455 U.S. 577, 580, 102 S.Ct. 1235, 1237, 71 L.Ed.2d 432 (1982) (quoting *Dawson Chemical Co. v. Rohm & Haas Co.*, 448 U.S. 176, 187, 100 S.Ct. 2601, 2608, 65 L.Ed.2d 696 (1980)), and "'[a]bsent a clearly expressed legislative intention to the contrary, that language must ordinarily

be regarded as conclusive.'" *Id.* (quoting *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980)). No provision of the 1991 Act conveys a clear indication of whether Congress intended the 1991 Act to apply retroactively or prospectively only. Section 402 sets forth the effective date:

(a) IN GENERAL. Except as otherwise specifically provided, this Act and the amendments made by this Act shall take effect upon enactment.

(b) CERTAIN DISPARATE IMPACT CASES. Notwithstanding any other provision of this Act, nothing in this Act shall apply to any disparate impact case for which a complaint was filed before March 1, 1975, and for which an initial decision was rendered after October 30, 1983.

Section 402(a) neither supports nor refutes either side of the argument regarding the 1991 Act's retroactive application. Plaintiff argues that provision 402(b) "impliedly" addresses the issue of retroactivity. Plaintiff's brief at 7. According to plaintiff, by stating that the 1991 Act does not apply retroactively for certain disparate impact discrimination cases, the provision implies that the 1991 Act is otherwise applicable to cases filed after March 1, 1975, and before the enactment of the 1991 Act. Plaintiff's reading of this provision is a fair one. Nonetheless, at best, this language raises an inference as to retroactive

---

1. *See, e.g., Khandelwal v. Compuadd Corp.*, 780 F.Supp. 1077 (E.D.Va.1992) (refusing to apply amendment retroactively); *Stender v. Lucky Stores, Inc.*, 780 F.Supp. 1302 (N.D.Cal.1992) (applying the amendment retroactively); *Van Meter v. Barr*, 778 F.Supp. 83 (D.D.C.1991) (refusing to apply amendment retroactively); *King v. Shelby Medical Ctr.*, 779 F.Supp. 157 (N.D.Ala. 1991) (applying the amendment retroactively); *Davis v. Tri–State Mack Distributions Inc.*, No. LR–C–89–912, 1991 WL 316891, 1991 U.S. Dist. LEXIS 19,380 (E.D. Ark. Dec. 16, 1991) (applying the amendment retroactively); *Hansel v. Public Serv. Co. of Colo.*, 778 F.Supp. 1126 (D.Colo.1991) (refusing to apply amendment retroactively); *La Cour v. Harris County*, No. H–89–1532, 1991 WL 321020, 1991 U.S. Dist. LEXIS 19,223 (S.D. Tex. Dec. 6, 1991) (applying the amendment retroactively); *James v. American*

*Int'l Recovery, Inc.*, No. 1:89–CV–321–RHH, 1991 WL 281734, 1991 U.S. Dist. LEXIS 18,408 (N.D.Ga. Dec. 3, 1991) (refusing to apply amendment retroactively); *Mojica v. Gannett Co.*, 779 F.Supp. 94 (N.D.Ill.1991) (applying the amendment retroactively). Some confusion also exists among the courts in this district. *Compare Tyree v. Riley*, 783 F.Supp. 877 (D.N.J.1992) (Lechner, J.) (refusing to apply the 1991 Act retroactively based on the rule against retroactive application of statutes articulated in *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988)) *and Thomas v. Frank*, No. 91–0095, (D.N.J. Feb. 13, 1992) (Debevoise, J.) (refusing to apply the 1991 Act retroactively based on the "manifest injustice" exception to the rule, articulated in *Bradley v. Richmond School Bd.*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), that courts should apply existing law to pending cases).

application of the remainder of the 1991 Act. Such an inference cannot be said to have "clearly expressed" the legislature's intent.

Moreover, another fair reading of provision 402(b) is that it was inserted only to ensure that the 1991 Act would not be read to allow further litigation relating to *Wards Cove Packing Co. v. Atonio,* 490 U.S. 642, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989), which, apparently, is the only case that satisfies section 402(b)'s prerequisites. *See* 137 Cong.Rec. S15, 483 (daily ed. Oct. 30, 1991) (statement of Sen. Danforth) (Section 402(b) "should not be read in derogation of the sponsors' intention not to provide for retroactive effect...."); *id.* at S15, 478 (statement of Sen. Dole) ("At the request of the Senators from Alaska, section 22(b) specifically points out that nothing in the Act will apply retroactively to the Wards Cove Packing Company, an Alaska company that spent 24 years defending against a disparate impact challenge."); 137 Cong. Rec. H9,512 (daily ed. Nov. 7, 1991) (statement of Rep. Hyde) (*Wards Cove* "has been in the courts for 24 years and someday it ought to be closed, but this bill is prospective, and therefore Wards Cove is not affected by it.").[2]

In light of these statements by members of the legislature, this court cannot say that the language of provision 402(b) leads to the conclusion that the 1991 Act is to be applied retroactively. This court is mindful of a rule of construction that courts should interpret statutes in a manner that gives effect to each provision, and that the language of § 402(b) could be considered meaningless if § 402(a) is not also construed as a general rule of retroactivity. Nonetheless, the legislative history clearly neutralizes this rule of construction. Indeed, the remarks of one legislator indicate that at least some legislators expected that 402(b) would be meaningless. *See* 137 Cong. Rec. H9,512 (daily ed. Nov. 7, 1991) (statement of Rep. Hyde referring to section 402(b)) ("Now, the offending amend-

ment that was put in by the Senate is unnecessary. It is surplusage. It does not accomplish or achieve a thing and it really should not be the subject of so much excitation.") As a result, this court could only speculate as to the legislative intent behind 402(b), and this court refuses to do so.

Also, other language of the 1991 Act seems to indicate that the Act will apply only prospectively. According to section 102(a) of the Act, only a "complaining party" may seek compensatory and punitive damages and a jury trial. Section 102(d) defines a "complaining party" as "the Equal Employment Opportunity Commission, the Attorney General, or a person who may bring an action or proceeding under title VII...." One reading of this language is that only plaintiffs who have yet to bring their actions are entitled to invoke the new act. *See Van Meter v. Barr,* 778 F.Supp. 83, 85 (D.D.C.1991).

Finally, the legislature has demonstrated that it knows how to create a statute that applies retroactively. *See, e.g.,* The Black Lung Benefits Act, 30 U.S.C. § 945(a)(1) and (c) (1986) (provision for processing of benefits claims "pending on, or denied on or before" the effective date of the statute, and awarding benefits "on a retroactive basis"); The Federal Home Loan Bank Act, 12 U.S.C. § 1439a (1989 & Supp.1991) (all monies deposited pursuant to the statute shall be available "retroactively as well as prospectively...."). For whatever reason, the legislature chose not to include such language in the 1991 Act.

Therefore, the answer to whether the 1991 Act applies to cases pending on the date of its enactment can only be answered by reference to something other than the language of the statute itself.

*Legislative History of the 1991 Act*

██ The legislative history of the 1991 Act is even less illuminating than the Act's language. With respect to the question of retroactivity, the legislative history is both

---

**2.** *See also Khandelwal v. Compuadd Corp.,* 780 F.Supp. 1077, 1079 (E.D.Va.1992) ("As everyone who has followed the enactment of this Act knows, § 402(b) was inserted solely to insure that the Act would not be interpreted to allow further litigation in *Wards Cove Packing Co. v. Atonio,* the only case satisfying this section's prerequisites.").

partisan and indeterminate.[3] The parties in the instant action have submitted the statements of their chosen legislators in support of their positions.

Nonetheless, "[t]he congressional 'debates' were, with few exceptions, hardly more than a series of declarations and counterdeclarations, which often addressed 'retroactivity' without ever defining that term...." *Van Meter*, 778 F.Supp. at 84. In fact, the principal sponsors of the 1991 Act, Senators Danforth, Republican from Missouri, and Kennedy, Democrat from Massachusetts, agreed on every issue but retroactivity. *See* 137 Cong. Rec. S15,483 (daily ed. Oct. 30, 1991). The Republican senators agreed with Senator Danforth's view that the Act was to apply prospectively only, while the Democratic senators backed Senator Kennedy in his belief that the 1991 Act would apply retroactively. *See* 137 Cong. Rec. S15, 485 (Oct. 30, 1991). The opinions of the members of the House of Representatives were also partisan. *See, e.g.,* 137 Cong. Rec. H9,530 (daily ed. Nov. 7, 1991) (statement of Rep. Edwards, Democrat from California) ("The intent of the sponsors is that.... the provisions of the bill be applied to pending cases except where the bill expressly provides otherwise."); *id.* at H9,548 (statement of Rep. Hyde, Republican from Illinois) ("[T]he Act and the amendments made by the Act.... will not apply to cases arising before the effective date of the Act.") As a result, the legislative history of the 1991 Act only clouds the issue before the court.

*Legal Presumptions*

██ Since both the language of the 1991 Act and its legislative history are unclear, this court must look to whether a presumption of prospective-only or retroactive application exists under the law. This inquiry, too, leads to contradictory results. Two seemingly irreconcilable lines of Supreme Court cases have evolved, forcing lower courts to chose between them.

On the one hand, *Bradley v. Richmond School Bd.*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), stands for the proposition that "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Id.* at 711, 94 S.Ct. at 2016 (citing *Thorpe v. Hous. Auth. of Durham*, 393 U.S. 268, 282, 89 S.Ct. 518, 526, 21 L.Ed.2d 474 (1969); *United States v. Schooner Peggy*, 1 Cranch 103, 110, 2 L.Ed. 49 (1801)). On the other hand, *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988) stands for the proposition that "[r]etroactivity is not favored in the law. Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Id.* at 208, 109 S.Ct. at 471 (citing *Greene v. United States*, 376 U.S. 149, 160, 84 S.Ct. 615, 621, 11 L.Ed.2d 576 (1964); *Claridge Apartments Co. v. Commissioner*, 323 U.S. 141, 164, 65 S.Ct. 172, 185, 89 L.Ed. 139 (1944); *Miller v. United States*, 294 U.S. 435, 439, 55 S.Ct. 440, 441, 79 L.Ed. 977 (1935); *United States v. Magnolia Petroleum Co.*, 276 U.S. 160, 162–63, 48 S.Ct. 236, 237, 72 L.Ed. 509 (1928)).

In *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 837, 110 S.Ct. 1570, 1577, 108 L.Ed.2d 842 (1990), Justice O'Connor, writing for the majority of the Court, acknowledged an "apparent tension" between the rules articulated in *Bradley* and *Georgetown*. Because the congressional intent was clear in the statute the *Kaiser Aluminum & Chemical Corp.* Court was considering, and congressional intent controls under either *Bradley* or *Georgetown*, Justice O'Connor wrote

---

**3.** Judge Acker aptly observed in *King v. Shelby Medical Center*, 779 F.Supp. 157, 157 (N.D.Ala. 1991):

Every federal court in the United States is now faced with the problem which this proposed amendment presents. Why? Because Congress in this new civil rights legislation punted on the question of whether or not the Act applies retroactively. Many senators and congressmen have deliberately tried to create a "legislative history" to support their personal views on this question, but the fact is that Congress, for no good reason, deliberately chose not to include in the statute itself a provision either for retroactive or for prospective-only application.

that the Court need not reconcile the two lines of precedent to reach a decision. *Id.*

This court must look to the rule that the United States Court of Appeals for the Third Circuit has applied. Unfortunately, the Third Circuit has applied the general rules from both lines of precedent. For example, the court in *Davis v. Omitowoju,* 883 F.2d 1155, 1170 (3d Cir.1989), relying on "the canon that statutes operate prospectively," held that the district court was correct in refusing to apply an amended version of a statute that set a cap on the amount of damages in medical malpractice verdicts. In so doing, the court relied on *United States Fidelity & Guaranty Co. v. United States,* 209 U.S. 306, 28 S.Ct. 537, 52 L.Ed. 804 (1908). On the other hand, in *Air–Shields, Inc. v. Fullam,* 891 F.2d 63, 65 (3d Cir.1989), the court applied the *Bradley* rule that intervening law should be applied retroactively. Also, in *United States v. Jacobs,* 919 F.2d 10, 11–12 (3d Cir.1990) *cert. denied* — U.S. —, 111 S.Ct. 1333, 113 L.Ed.2d 265 (1991), the court acknowledged the *Bradley* rule in favor of retroactive application, but determined that a general savings statute prevented the defendant from receiving the benefit of the amendment. Finally, in *U.S. Healthcare, Inc. v. Blue Cross of Greater Phila.,* 898 F.2d 914, 922 n. 9 (3d Cir.1990), the court relied on *Bradley* to apply an amendment to the Lanham Act retroactively. Thus, the Third Circuit has not clearly adopted either rule to the exclusion of the other.

The Third Circuit has made clear, however, that "when application of the new law would affect rights or obligations existing prior to the change in law," the rule of nonretroactivity applies. *Davis,* 883 F.2d at 1170. In the instant case, plaintiff's claim pursuant to 42 U.S.C. § 1981 addresses conduct that the section did not proscribe at the time the conduct occurred. Thus, the rights and obligations in this case were predicated on the pre-amendment statute. Therefore, the Third Circuit's opinion in *Davis* leads this court to find against retroactive application.

A finding that the 1991 Act does not apply retroactively more likely reflects the opinion of the current Supreme Court. First, whereas the Court decided *Bradley* in 1974, it decided *Georgetown* in 1988. Second, the Equal Employment Opportunity Commission ("EEOC") recently published a guideline on the 1991 Act's application. *See* EEOC Notice, No. 915.002 Dec. 27, 1991 (reprinted in Daily Lab. Rep. (BNA), No. 1 at D–1 (Jan. 2, 1992)). The EEOC announced that it will follow the "dictates" of *Georgetown* with regard to the retroactivity of the Act's damages provisions, and thus, "will not seek damages in charges filed prior to enactment of the Act, or in post-Act charges that challenge pre-Act conduct." *Id.* at 7. The Supreme Court of the United States has determined that "considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer...." *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 844, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1983), *reh'g denied,* 468 U.S. 1227, 105 S.Ct. 28, 82 L.Ed.2d 921 (1984).

Finally, Justice Scalia's concurring opinion in *Kaiser Aluminum & Chemical Corp.* indicates the Court may soon overrule *Bradley.* Justice Scalia described the "apparent tension" between the lines of precedent as an "irreconcilable contradiction" that has "spawned Courts of Appeals opinions to match." *Kaiser Aluminum & Chemical Corp.* 494 U.S. at 841, 110 S.Ct. at 1579 (Scalia, J. concurring). Justice Scalia continued:

I would have taken the occasion to admit that the rule we expressed in *Thorpe* and *Bradley* was wrong, and to reaffirm the clear rule of construction that has been applied, except for these last two decades of confusion, since the beginning of the Republic and indeed since the early days of the common law: absent specific indication to the contrary, the operation of nonpenal legislation is prospective only.

*Id.* Justice Scalia pointed to the long tradition of applying statutes prospectively only. *Id.* at 842–44, 110 S.Ct. at 1579–81. *See, e.g., Miller v. United States,* 294 U.S. 435, 439, 55 S.Ct. 440, 442, 79 L.Ed. 977

(1935) ("[A] statute cannot be construed to operate retrospectively unless the legislative intention to that effect unequivocally appears."); *United States v. Magnolia Petroleum Co.*, 276 U.S. 160, 162–63, 48 S.Ct. 236, 237, 72 L.Ed. 509 (1928) ("Statutes are not to be given retroactive effect or construed to change the status of claims fixed in accordance with earlier provisions unless the legislative purpose so to do plainly appears."); *Shwab v. Doyle*, 258 U.S. 529, 534–35, 42 S.Ct. 391, 392, 66 L.Ed. 747 (1922) ("The initial admonition is that laws are not to be considered as applying to cases which arose before their passage unless that intention be clearly declared.... If the absence of such determining declaration leaves to the statute a double sense, it is the command of the cases, that that which rejects retroactive application must be selected."); *Union P. R. Co. v. Laramie Stock Yards Co.*, 231 U.S. 190, 199, 34 S.Ct. 101, 102, 58 L.Ed. 179 (1913) ("[A] retroactive operation will not be given to a statute which interferes with antecedent rights or by which human action is regulated, unless such be the unequivocal and inflexible import of the terms, and the manifest intention of the legislature."); *United States Fidelity & Guaranty Co. v. United States*, 209 U.S. 306, 314, 28 S.Ct. 537, 539, 52 L.Ed. 804 (1908) ("The presumption is very strong that a statute was not meant to act retrospectively, and it ought never to receive such a construction if it is susceptible of any other."); *White v. United States*, 191 U.S. 545, 552, 24 S.Ct. 171, 172, 48 L.Ed. 295 (1903) ("Where it is claimed that a law is to have a retrospective operation, such must be clearly the intention, evidenced in the law and its purposes, or the court will presume that the lawmaking power is acting for the future only and not for the past...."); *Murray v. Gibson*, 15 How. 421, 423, 14 L.Ed. 755 (1854) ("As a general rule for the interpretation of statutes, it may be laid down, that they never should be allowed a retroactive operation where this is not required by express command or by necessary and unavoidable implication."); *United States v. Heth*, 3 Cranch 399, 413, 2 L.Ed. 479 (1806) ("Words in a statute ought not to have a retrospective operation, unless they are so clear, strong, and imperative, that no other meaning can be annexed to them, or unless the intention of the legislature cannot otherwise be satisfied."); *see also United States v. Security Indus. Bank*, 459 U.S. 70, 79–80, 103 S.Ct. 407, 413, 74 L.Ed.2d 235 (1982) ("The principle that statutes operate only prospectively, while judicial decisions operate retrospectively, is familiar to every law student.").

Justice Scalia also explained that none of the cases relied upon by *Bradley* and *Thorpe* "is genuinely contrary to that generally applied presumption" of nonretroactivity. *Kaiser Aluminum & Chemical Corp.*, 494 U.S. at 849, 110 S.Ct. at 1583. According to Justice Scalia,

They consist entirely of cases that involved retroactivity of judicial decisions rather than statutes; cases in which the statute specifically provided for retroactive application; cases that involved prospective rather than retrospective application, because they sought injunctive relief, because the issue was a permit for future action, or because the issue was whether the United States' declaration of war made it inappropriate for the trial court to continue with proceedings; a case remanding to state court for *its* determination of the effect of a newly enacted state statute; and a case involving the special rule ... applicable to repeal of a criminal sanction.

*Id.* at 849–50, 110 S.Ct. at 1583–84 (emphasis in the original) (citations omitted).

As a result, this court shall not apply the 1991 Act retroactively. Plaintiff's motion to reinstate its claim is denied.