Helen J. GUILLORY–WUERZ, Plaintiff,

v.

Nicholas F. BRADY, Secretary of the Department of the Treasury, Defendant.

Civ.A. No. 91–A–383.

United States District Court, D. Colorado.

March 5, 1992.

Paul A. Baca, Denver, Colo., for plaintiff.

Chalk S. Mitchell, Asst. U.S. Atty., Denver, Colo., Jeffrey S. Morris, General Legal Services, Regional Counsel, I.R.S., Southwest Region, Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

ARRAJ, District Judge.

This employment discrimination case was brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 *et seq.* ("ADEA"). In her amended complaint, filed May 13, 1991, the plaintiff, Helen J. Guillory–Wuerz, requested a trial by jury on her claims arising under the ADEA. The matter is presently before the court on the motion of the defendant, Nicholas F. Brady, Secretary of the United States Department of the Treasury ("Secretary"), to strike the plaintiff's request for a jury trial pursuant to Fed.R.Civ.P. 12(f). The court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4) and 29 U.S.C. § 633a(c). I have reviewed the briefs submitted in this matter and conclude that oral argument would not materially assist my decision. For the following reasons, the Secretary's motion must be GRANTED.

## DISCUSSION

The facts in this case were set out in my previous ruling dated December 20, 1991, and do not require repetition here. The Secretary argues that jury trials are not available to federal employees bringing claims under the ADEA. The Secretary then argues that to the extent the Civil Rights Act of 1991 ("1991 Act") [1] created a right to a trial by jury, it should not be applied retroactively. In addition, the Secretary states "[o]ut of an abundance of caution, ... this motion will approach the issue as if a motion to file an amended complaint (to incorporate a request for compensatory or punitive damages and a jury trial) had already been made."

The plaintiff concedes that jury trials were not available to federal employees under the ADEA prior to the enactment of the 1991 Act. However, the plaintiff contends that the 1991 Act should be applied retroactively to her case. She requests that I allow the matter to go before the jury on her ADEA claims, and that I "allow her to proceed with a jury trial on her claims of race and sex discrimination although not specifically demanded in her amended complaint." So as to handle this case expeditiously, I have treated the plaintiff's Brief In Opposition to Defendant's Motion to Strike as if it were a motion to amend the complaint in light of the 1991 Act. Since the 1991 Act has changed the landscape of the law in this area, I find that I must add my voice to the growing number of district court opinions grappling with the retroactive nature of the Civil Rights Act of 1991.

## I. THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

The plaintiff is quite correct in conceding that no right to a trial by jury existed for federal employees bringing suit under the

---

1. Pub.L. No. 102–166, 105 Stat. 1071 (1991). The 1991 Act, approved by Congress on November 7, 1991, and signed into law by President Bush on November 21, 1991, amends the Civil Rights Act of 1866, 42 U.S.C. § 1981, the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, as well as Title VII and the ADEA.

ADEA prior to the enactment of the 1991 Act. In *Lehman v. Nakshian*, 453 U.S. 156, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981), the Supreme Court clearly ruled that such a right does not exist. A "plaintiff in an action against the United States has a right to trial by jury only where Congress has affirmatively and unambiguously granted that right by statute." *Lehman*, 453 U.S. at 168, 101 S.Ct. at 2705. The Court was unable to glean such a right from either the legislative history or the language of the ADEA.

■ Thus, for the plaintiff to receive a trial by jury on her claims arising under the ADEA, she must show that the 1991 Act specifically changed existing law, and that the 1991 Act should be applied retroactively. This is a showing that the plaintiff cannot make. I have carefully examined the newly-enacted provisions of the 1991 Act and have been unable to find any language overruling *Lehman* or providing for a right to a jury trial in ADEA cases. The 1991 Act extends compensatory and punitive damages and a right to a jury trial to victims of intentional discrimination who have brought actions under Title VII, the Americans With Disabilities Act of 1990 and the Rehabilitation Act of 1973. Sections 102(a), 102(c)(1). Section 107(a) of the 1991 Act states that "an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice." Noticeably absent in these sections of the 1991 Act is any reference to age or to the ADEA.

My research has uncovered only one case involving an attempt to apply the provisions of the 1991 Act to a preexisting ADEA claim. In *Morgan v. Servicemaster Co. Limited Partnership*, 57 Fair Empl. Prac.Cas. (BNA) 1423 (N.D.Ill. January 22, 1992), the district court denied the plaintiff's motion to amend his complaint to include the additional remedies provided by the 1991 Act. The court was "unpersuaded" that it should look to the new amendments affecting Title VII for guidance in ADEA litigation. This decision was based primarily on the fact that "age" was not mentioned as a form of discrimination in the 1991 Act, and that the Supreme Court decisions negated by the 1991 Act did not involve age discrimination claims under the ADEA. *Id.* at 1424. I am in agreement with the district judge's conclusions in *Morgan.*

My final reason for rejecting the plaintiff's request for a jury trial on her ADEA claims rests on the reasoning of *Lehman*. In that case, the Supreme Court required affirmative and unambiguous language on the part of Congress before it would recognize the right to a jury trial in any action against the United States. No such language is present in the 1991 Act, and I conclude that this recent legislation did not affect the status of the law as it has developed under the ADEA. In light of these conclusions, I need not reach the retroactivity issue with respect to the plaintiff's claims arising under the ADEA.

I will therefore GRANT the defendant's Motion To Strike and DENY the plaintiff's request for a jury trial on her claims of age discrimination.

## II. TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

■ Prior to the enactment of the 1991 Act, the Supreme Court had indicated that there was "no right to trial by jury in cases arising under Title VII." *Lehman v. Nakshian*, 453 U.S. at 164, 101 S.Ct. at 2703. This dicta has been relied upon by the Tenth Circuit Court of Appeals, which has stated on a number of occasions that Title VII claimants are not entitled to a jury trial. *See Best v. State Farm Mutual Automobile Insurance Co.*, 953 F.2d 1477, 1481 (10th Cir.1991); *Snider v. Circle K Corp.*, 923 F.2d 1404, 1407 (10th Cir.1991); *Skinner v. Total Petroleum, Inc.*, 859 F.2d 1439, 1443 (10th Cir.1988).

The 1991 Act, however, now provides for jury trials in Title VII cases. "In an action brought by a complaining party under [Title VII] against a respondent who engaged in unlawful intentional discrimination ..., the complaining party may recover compensatory and punitive damages as allowed in

subsection (b)." Section 102(a)(1). Punitive damages may not be recovered against a government, government agency or political subdivision, but this bar does not limit compensatory damages. Section 102(b)(1). Compensatory damages may be awarded for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses," although the amount of recovery is capped depending on the size of the employer. Section 102(b)(3). Any party seeking compensatory damages "may demand a trial by jury." Section 102(c)(1). Since the 1991 Act clearly changed the rights and remedies of plaintiffs pursuing claims under Title VII, I must determine if its provisions should be applied retroactively to cases filed and pending on the date of its enactment.[2]

District courts around the country have been asked to decide this fairly basic issue of statutory construction, and the results have been mixed. The reason for this lack of consensus can be traced to the failure on the part of Congress to specify whether or not the act applies retroactively and to two conflicting lines of Supreme Court authority for determining the retroactivity of newly enacted statutes.

In *Bradley v. School Board of the City of Richmond*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), the Supreme Court examined the applicability of a statute which awarded prevailing parties attorney's fees in desegregation cases. The statute had gone into effect during the pendency of the appeal. The Court found the statute to be retroactive and based its holding "on the principle that a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Bradley*, 416 U.S. at 711, 94 S.Ct. at 2016. The Court

> reject[ed] the contention that a change in the law is to be given effect in a pending case only where that is the clear and stated intention of the legislature.... [E]ven where the intervening law does not explicitly recite that it is to be applied to pending cases, it is to be given recognition and effect.

*Bradley*, 416 U.S. at 715, 94 S.Ct. at 2018.

In obvious conflict with *Bradley*, is *Bowen v. Georgetown University Hospital*, 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988). The Court in *Bowen* held that the Secretary of the Department of Health and Human Services did not have the power to promulgate retroactive rules, because the authority to issue such rules was not authorized by Congress in the Medicare Act. The Supreme Court stated that "[r]etroactivity is not favored in the law. Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Bowen*, 488 U.S. at 208, 109 S.Ct. at 471.

The Supreme Court recognized the "apparent tension" between the *Bradley* and *Bowen* lines of authority in *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 837, 110 S.Ct. 1570, 1576, 108 L.Ed.2d 842 (1990). *Kaiser Aluminum* involved the application of an amended post judgment interest statute, 28 U.S.C. § 1961, which went into effect while the appeal was pending. The majority of the Court declined the opportunity to reconcile the two lines of precedent regarding retroactivity, "because under either view, where the congressional intent is clear, it governs." *Kaiser Aluminum*, 494 U.S. at 827, 110 S.Ct. at 1570. The Court found that the language of both the original and the amended versions of section 1961 evidenced a clear congressional intent not to apply the amended version retroactively.

In light of this lack of clear guidance from the Supreme Court, the Circuit Courts remain understandably divided as to which retroactivity presumption should apply.[3]

---

**2.** I express no opinion at this time on the 1991 Act's application to cases filed after its effective date of November 21, 1991, challenging conduct which occurred prior to that time.

**3.** *Compare Federal Deposit Insurance Corp. v. New Hampshire Insurance Co.,* 953 F.2d 478, 486 (9th Cir.1991); *United States v. Peppertree Apartments,* 942 F.2d 1555, 1560–61 (11th Cir.1991); *Federal Deposit Insurance Corp. v. Wright,* 942

District courts have thus reached differing conclusions concerning the retroactivity of the 1991 Act depending on the presumption their circuit has adopted.[4]

The Tenth Circuit Court of Appeals has clearly elected the "presumption reflected in the more recent decision in *Bowen* that '[a] statute is deemed to be effective only for the future unless a contrary intent appears.'" *DeVargas v. Mason & Hanger–Silas Mason Co.*, 911 F.2d 1377, 1392 (10th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 799, 112 L.Ed.2d 860 (1991) (quoting *Kaiser Aluminum,* 494 U.S. at 858, 110 S.Ct. at 1588 (Scalia, J., concurring)). *DeVargas* involved the retroactive applicability of the Civil Rights Restoration Act of 1987, Pub.L. No. 100–259, 102 Stat. 28 (1988), which had been passed during the course of the appeal. In a lengthy exegesis, culled primarily from Justice Scalia's concurrence in *Kaiser Aluminum,* the Court required a showing of "clear congressional intent to invoke retroactivity." *DeVargas,* 911 F.2d at 1385. "The standard of 'clear congressional intent' for the retroactive application of statutes requires *articulated and clear statements on retroactivity,* not inferences drawn from the general purpose of the legislation." *Id.* at 1387 (emphasis added).

Following the guidelines established in *DeVargas,* I must look to congressional intent to determine whether or not the 1991 Act applies retroactively. I look first to the plain language of the law. *Federal Deposit Insurance Corp. v. Canfield,* 957 F.2d 786, 787 (10th Cir.1992). Section 402 governs the effective date of the legislation. It states:

> (a) In General.—Except as otherwise specifically provided, this Act and the amendments made by this Act shall take effect upon enactment.

> (b) Certain Disparate Impact Cases.— Notwithstanding any other provision of this Act, nothing in this Act shall apply to any disparate impact case for which a complaint was filed before March 1, 1975, and for which an initial decision was rendered after October 30, 1983.

Section 402(b) is directed solely towards those parties involved in *Wards Cove Packing Co. v. Atonio,* 490 U.S. 642, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989), a case specifically overruled by Section 105 of the 1991 Act.[5] Section 109 of the 1991 Act extends Title VII protection to U.S. citizens working for American companies abroad and effectively overrules *Equal Employment Opportunity Commission v. Arabian American Oil Co.,* —— U.S. ——, 111 S.Ct. 1227, 113 L.Ed.2d 274 (1991). Section 109(c) states:

> Application of Amendments.—The amendments made by this section shall not apply with respect to conduct occur-

---

F.2d 1089, 1095 n. 6 (7th Cir.1991); and *Aledo–Garcia v. Puerto Rico National Guard Fund, Inc.,* 887 F.2d 354, 355 (1st Cir.1989) (all following the *Bradley* presumption in favor of retroactivity) *with Wagner Seed Co. v. Bush,* 946 F.2d 918, 924 (D.C.Cir.1991); *Leland v. Federal Insurance Administrator,* 934 F.2d 524, 527 (4th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 417, 116 L.Ed.2d 437 (1991); *Simmons v. Lockhart,* 931 F.2d 1226, 1230 (8th Cir.1991); and *Sargisson v. United States,* 913 F.2d 918, 923 (Fed.Cir.1990) (all favoring the *Bowen* presumption).

4.  *See, e.g., Mojica v. Gannett Co.,* 779 F.Supp. 94, 96–97 (N.D.Ill.1991) (retroactive under Seventh Circuit precedent); *Van Meter v. Barr,* 778 F.Supp. 83, 84–85 (D.D.C.1991) (not retroactive under D.C. Circuit precedent); *King v. Shelby Medical Center,* 779 F.Supp. 157, 158 (N.D.Ala. 1991) (retroactive under Eleventh Circuit precedent); *Conerly v. CVN Co.,* 785 F.Supp. 801, 804

(D.Minn.1991) (not retroactive under Eighth Circuit precedent); *Stender v. Lucky Stores, Inc.,* 780 F.Supp. 1302, 1306–07 (N.D.Cal.1992) (retroactive under Ninth Circuit precedent); *Patterson v. McLean Credit Union,* 784 F.Supp. 268, 277 (M.D.N.C.1992) (not retroactive under Fourth Circuit precedent).

5.  The legislative history of this remarkable example of special interest legislation indicates that section 402(b) was inserted to insure that the 1991 Act would not be interpreted to allow further litigation between the parties in *Wards Cove.* Senator Kennedy, one of the principal sponsors of the 1991 Act, indicated that this legislative exemption was part of a compromise which left to the courts the responsibility for determining whether the 1991 Act would apply retroactively to all pending cases with the exception of *Wards Cove.* 137 Cong.Rec. S15963 (daily ed. November 5, 1991).

ring before the date of the enactment of this Act.

The prospective provisions contained in sections 402(b) and 109(c) support an argument that the rest of the 1991 Act should be applied retroactively. If the 1991 Act is applied only prospectively, then these sections would be rendered extraneous. Such a reading is at odds with the well accepted canon of statutory construction which provides that "no provision [of a statute] should be construed to be entirely redundant." *Kungys v. United States*, 485 U.S. 759, 778, 108 S.Ct. 1537, 1550, 99 L.Ed.2d 839 (1988) (Scalia, J.). Indeed, courts should hesitate "to adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law." *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 837, 108 S.Ct. 2182, 2189, 100 L.Ed.2d 836 (1988) (footnote omitted). *See also* 2A N. Singer, *Sutherland Statutory Construction* § 46.06 (5th ed. 1992) ("A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous."). Were I not constrained by the mandate of *DeVargas*, I would find such an argument extremely compelling. However, despite the powerful inferences created by these sections, there is no language in the 1991 Act amounting to an "articulated and clear" statement of congressional intent supporting retroactivity. If the Tenth Circuit was unwilling to draw any inferences regarding retroactivity from the "general purpose" of the Civil Rights Restoration Act of 1987, *DeVargas*, 911 F.2d at 1387, then I find myself unable to draw such inferences from these two sections of the 1991 Act.

The legislative history is equally unavailing. "The congressional 'debates' were, with few exceptions, hardly more than a series of declarations and counter[-]declarations." *Van Meter v. Barr*, 778 F.Supp. 83, 84 (D.D.C.1991). Many senators and congressmen attempted to create a 'legisla-

tive history' regarding retroactivity supportive of their personal views with the rhetoric generally falling along partisan lines. The republicans lined up behind Senator Danforth, a co-sponsor of the legislation, whose review of the Supreme Court case law led him to conclude that the law should be applied prospectively. 137 Cong. Rec. S15483 (daily ed. October 30, 1991). Senator Kennedy, the other sponsor, had the support of the democrats and was of the countervailing view. *Id.* at S15485. Indeed, Senators Danforth and Kennedy issued a joint Interpretive Memorandum which agreed on all aspects of the 1991 Act except its retroactivity. *See* 137 Cong.Rec. S15483–85 (daily ed. October 30, 1991). Senator Kennedy acknowledged that "[i]t will be up to the courts to determine the extent to which the bill will apply to cases and claims that are pending on the date of enactment." *Id.* at S15485. The legislative history in the House of Representatives is similarly inconclusive. *See* 137 Cong.Rec. H9530, H9548 (daily ed. November 7, 1991).

Because the language of the 1991 Act and its legislative history lack any clear indication of congressional intent, I find that I must join the other district courts in this circuit in concluding that the Civil Rights Act of 1991 should not be applied retroactively to cases pending at the time of its enactment.[6]

■ Although leave to amend a pleading "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a), if such an effort would be futile, a motion to amend should be denied. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). I conclude that an attempt on the part of the plaintiff to amend her complaint in light of the Civil Rights Act of 1991 would be futile because "the proposed amendment could not have withstood a motion to dismiss." *Schepp v. Fremont County, Wyoming*, 900 F.2d

---

6. *See Hansel v. Public Service Company of Colorado*, 778 F.Supp. 1126 (D.Colo.1991); *Simons v. Southwest Petro–Chem, Inc.*, No. 90–2243–V, 1992 WL 25218 (D.Kan. January 22, 1992); *Burchfield v. Derwinski*, 782 F.Supp. 532 (D.Colo.1992); *Golightly–Howell v. Oil, Chemical and Atomic Workers International Union*, No. 91–C–517, —— F.Supp. —— (D.Colo. February 3, 1992).

1448, 1451 (10th Cir.1990). I thus DENY her motion.

IT IS THEREFORE ORDERED THAT:

(1) the Civil Rights Act of 1991 shall not be applied retroactively to cases pending at the time of its enactment on November 21, 1991.

(2) the motion of the defendant, Nicholas F. Brady, Secretary of the United States Department of the Treasury, to strike the request of the plaintiff, Helen J. Guillory–Wuerz, for a jury trial is *GRANTED.*

(3) the plaintiff's Brief In Opposition To Defendant's Motion To Strike, which I have treated as a Motion To Amend, is *DENIED.*

(4) trial will proceed to the Court on the plaintiff's claims arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* and under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 *et seq.*