142 F.3d 442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Felipe B. CRUZ, Plaintiff-Appellant
v.
William S. COHEN, Secretary of Defense, United States of
America, Defendant-Appellee.
 No. 97-55365.
D.C. No. CV-96-1572-R.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 4, 1998.**
Decided May 8, 1998.
 
 1
 Appeal from the United States District Court for the Central District of California, Manuel L. Real, Chief District Judge, Presiding.
 
 
 2
 Before WIGGINS and KLEINFELD, Circuit Judges, and SMITH, District Judge.***
 
 
 3
 MEMORANDUM*
 
 
 4
 Appellant Felipe Cruz appeals the district court's grant of partial summary judgment in favor of the United States on his Title VII and ADEA employment discrimination claims. Cruz contends that the district court erred in finding that claims brought in his second action against defendants were barred by a settlement agreement reached in an earlier action, and by denying him a jury trial. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 I. Claims Barred by Settlement Agreement
 
 5
 The district court granted summary judgment on several of the claims in Cruz II on the ground that they were barred by the settlement agreement in Cruz I. This court relies on local contract law to interpret settlement agreements. See Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir.1989). Where the contract is unambiguous, no extrinsic evidence is admissible to contradict its meaning. See Pierce County Hotel Employees and Restaurant Employees Health Trust v. Elks Lodge, 827 F.2d 1324, 1327 (9th Cir.1987).
 
 
 6
 The settlement agreement in this case was unambiguous. It barred "all claims ... arising from ... the same subject matter that gave rise to Cruz's lawsuit." Because both cases asserted discrimination and retaliation that occurred at about the same time at the DCAA, the Cruz II claims were barred by the settlement agreement regardless of whether they could have been litigated in Cruz I. The district court's grant of summary judgment was proper.
 
 II. Right to a Jury Trial
 
 7
 A plaintiff suing the United States has a right to trial by jury only where Congress has "affirmatively and unambiguously granted that right by statute." See Lehman v. Nakshian, 453 U.S. 156, 169, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981). Neither the ADEA itself nor any other statute contains such a grant. See id. at 168; Guillory-Wuerz v. Brady, 785 F.Supp. 889, 891 (D.Colo.1992). Cruz was therefore not entitled to a jury trial on his ADEA claim. We assume without deciding that Cruz was entitled to a jury trial on his Title VII retaliation claims.
 
 
 8
 A district court's failure to use a jury in a civil case is harmless error if, under the evidence presented at trial, no reasonable jury could have found for the appellant. See United States v. California Mobile Home Park Management Co., 107 F.3d 1374, 1380 (9th Cir.1997). In order to reach the factfinder, a plaintiff in a discrimination case must present specific, substantial evidence of pretext in response to the employer's proffered reasons for its adverse employment decision. See, e.g., Wallis v. J.R. Simplot Co., 26 F.3d 885, 890 (9th Cir.1994). Cruz failed to do so for either of his Title VII claims. Any error in denying his request for a jury trial on these claims was therefore harmless.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for a decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * The Honorable Fern M. Smith, District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3